UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 10-10319-MLW |
| | ) | |
| CRAIG KARLIS | ) | |

ORDER ON DEFENDANT'S MOTION TO REVOKE DETENTION ORDER

January 14, 2013

SOROKIN, C.M.J.

Originally, upon the joint recommendation of the parties, the Court released defendant

Craig Karlis on conditions. Electronic Order dated 10/29/2010; Doc. Nos. 15, 16; see also

Electronic Order dated 1/26/2011 (amending defendant's conditions of release). On November

21, 2011, the Court added an express condition of release prohibiting Karlis from using any name

other than his own true name. Electronic Order dated 11/21/2011. The Court added this

condition because Karlis had used a name other than his own name in the course of selling cars.

On January 30, 2012, in response to a memorandum from Pretrial Services and after a hearing,

the Court revoked Karlis's bail and remanded him to the custody of the United States Marshals.

The Court found, inter alia, that Karlis had lied to Pretrial Services, submitted an altered or

forged document to Pretrial Services, and was unlikely to abide by any condition or combination

of conditions. Doc. No. 69.

On May 14, 2012, Karlis moved to revoke the detention order. Doc. No. 75. This motion

was denied on June 15, 2012. Electronic Order dated 6/15/2012. On November 9, 2012, Karlis

filed a supplemental motion to revoke the detention order. Doc. No. 92. The Court held a

hearing on the motion on December 5, 2012.

After careful consideration of the motion, the history of this case, and the applicable legal

standards, the Motion to Revoke Detention is ALLOWED and Karlis is RELEASED under the

following conditions:

1. The defendant shall reside with his wife and son at their home;

2. The defendant shall remain at home on home detention;

3. The defendant's wife shall serve as a third party custodian;

4. The defendant may leave the home **only** for Court appearances, meetings with

counsel, and medical appointments;

5. The defendant must obtain approval from Pretrial Services before leaving the home for

any of the purposes listed in the preceding paragraph;

6. The defendant's wife shall accompany the defendant whenever he leaves the home,

and shall verify for Pretrial Services his arrival and departure;

7. The defendant's parents shall post their home to secure his appearance;

8. The defendant and his wife shall sign a $100,000 unsecured bond;

9. The defendant shall be subject to all prior conditions of release as well.

The following considerations justify allowing Karlis's motion. Karlis has spent

approximately one year in pretrial detention as a result of his previous violations of release

conditions. Detention in jail has had an effect on Karlis. His appearance, demeanor, and attitude

when appearing before the Court on December 5, 2012 differed markedly from his appearance,

demeanor, and attitude when the Court revoked his release and when it addressed his use of a

different name.  In addition, the conditions established by the Court are substantially stricter than the conditions imposed previously.  Confining Karlis to his home, with his appearance secured by his parents' home, and permitting him to leave only when accompanied by his wife persuades me that the enumerated combination of conditions will assure that Karlis will not flee or pose a danger to the safety of any other person or the community, and that he will abide by these conditions.  See 18 U.S.C. § 3148(b).

Accordingly, the Court will hold a release hearing on January 25, 2013 at 2:00 p.m. Karlis shall arrange the posting of his parents' home in advance of that date and provide the paperwork to the prosecutors for their review and approval (which does not waive any objection the prosecutors may make to this Order).  At the hearing, the Court will impose the conditions, address any suggested additional or different conditions, as well as any question of a stay.

SO ORDERED.

/s/ Leo T. Sorokin
LEO T. SOROKIN
Chief United States Magistrate Judge